**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>Petitioners,<br><br>v.<br><br>LAPETUS SOLUTIONS, INC.,<br>Third Party. | Misc. Case No.: |
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>Defendants. | Related Case: No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025)<br><br>**MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA TO THIRD PARTY LAPETUS SOLUTIONS, INC., AND INCORPORATED LEGAL MEMORANDUM, WHICH LAPETUS HAS CONSENTED TO TRANSFER PURSUANT TO FED. R. CIV. P. 45(f)** |

Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants") move to compel documents responsive to its Rule 45 Subpoena (the "Subpoena"), Ex. A, issued to third-party Lapetus Solutions, Inc. ("Lapetus") in connection with a lawsuit pending in the District Court for the Middle District of Florida, captioned *Abacus Global Management, Inc. v. Coventry First LLC et al.*,

No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025) (the "Litigation").[1] Lapetus's Responses & Objections, *see* Ex. B, are insufficient.

Defendants' requests are relevant to the Litigation. Abacus's Amended Complaint puts Lapetus front and center by referencing Lapetus 213 times, including this unambiguous statement about Lapetus's centrality:

> Since the beginning of 2024, Coventry and Buerger have routinely disseminated false and misleading statements about Abacus, in particular targeting Abacus's relationship with Lapetus Solutions, Inc. ("Lapetus"), a third-party life expectancy estimate provider that recently dissolved because of Defendants' conduct. *Defendants' core claim is that Lapetus life expectancies are too short*, and that Abacus relies on those estimates to intentionally overvalue the policies it buys and sells.

Ex. C at ¶ 6 (emphasis added).

Discovery has confirmed that Lapetus is a central figure. Lapetus's former Chief Executive Officer, John Dippold, produced text messages in which he told a Lapetus board member that he was resigning because he "had concerns about [Lapetus's life expectancy] business since pretty much joining the company and [has] concerns about the response to" Coventry's statements. Ex. D at 11. Dippold's messages also state that Abacus was Lapetus's "primary and basically only client," and that Dippold had "concerns" about Abacus. *Id.* Indeed, he resigned from Lapetus because, in his words, "I don't trust [Abacus]." *Id.*

[1] Lapetus consented to transfer this Motion to the Issuing Court, the Middle District of Florida. This Motion is therefore consistent with both the Western District of North Carolina's Local Rules and the Middle District of Florida's Order on Short Form Discovery Motions, which limits the motion and accompanying legal argument to 500 words. *See* https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/flmd-norway-order-on-short-form-discovery-motions.pdf.

Lapetus initially produced only a *single* document. *See* Ex. E. And yesterday, Lapetus made a limited production of sixteen cherry-picked documents that was woefully inadequate. Defendants are entitled to obtain relevant information about Lapetus's life expectancy estimates, its relationship with Abacus, the reasons behind Mr. Dippold's concerns and distrust of Abacus, and Lapetus's decision to end operations. Those topics are squarely within Abacus's allegations in the Amended Complaint.

Lapetus's "barebones claims of hardship" are insufficient under Rule 45. *TIC Park Ctr. 9 v. Cabot*, 2017 WL 3099317, at *3 (S.D. Fla. Apr. 12, 2017). Lapetus's request for cost-shifting, *see* Ex. F at 5, is also unwarranted. Lapetus is not a "disinterested third party." *Id.* Abacus not only financially backed Lapetus, including a $1 million convertible note, *see* Ex. G at 2, but it thrust Lapetus into the Litigation.

Defendants respectfully urge this Court to enforce the Subpoena, Ex. A, or at a minimum order Lapetus to begin producing the priority documents outlined in Defendants' November 19, 2025 Letter. Ex. H.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Counsel for Defendants met and conferred with counsel for Lapetus, via teleconference, on October 31, 2025, December 3, 2025, and December 16, 2025, to no avail. Between those conferrals, Defendants sent several substantive letters to Lapetus in a good faith effort to resolve the issues raised by this Motion. *See* Exs. H, I. Despite such efforts, the parties were unable to resolve the above-referenced issues, and Lapetus opposes this Motion in its entirety.

Date: December 18, 2025

Respectfully submitted,

/s/ *Eric Evans*
Eric Evans
DECHERT LLP
300 South Tryon Street, Suite 800
Charlotte, NC, 28202

Michael H. McGinley (*pro hac vice forthcoming*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's Local Standing Order related to the use of artificial intelligence platforms ("AI") in connection with the submission of briefs and other filings before this Court, *In Re: Use of Artificial Intelligence*, Case No. 3:24-mc-104 (W.D.N.C. June 18, 2024), Defendants certify as follows:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to any authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Date: December 17, 2025

*/s/ Eric Evans*
Eric Evans
DECHERT LLP
300 South Tryon Street, Suite 800
Charlotte, NC, 28202

Michael H. McGinley (*pro hac vice forthcoming*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Defendants Coventry First LLC and Alan Buerger*

**CERTIFICATE OF SERVICE**

All counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on December 18, 2025 through the Court's electronic filing system.

*/s/ Eric Evans*
Eric Evans
DECHERT LLP
300 South Tryon Street, Suite 800
Charlotte, NC, 28202

Michael H. McGinley (*pro hac vice forthcoming*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Defendants Coventry First LLC and Alan Buerger*