UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COVENTRY FIRST, LLC, a
Limited liability company; ALAN
BUERGER, an individual,

Petitioners, CASE NO.: 6:26-mc-4-AGM-RMN

v.

LAPETUS SOLUTIONS, INC.,

Respondent.
_______________________________________________/

**RESPONDENT, LAPETUS SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR CLERK'S ENTRY OF DEFAULT**

Non-Party Lapetus Solutions, Inc. ("Lapetus") responds in opposition (the "Response") to the Request for Clerk's Entry of Default (the "Motion for Clerk's Default") filed by Coventry First, LLC and Alan Buerger ("Petitioners"), and respectfully states:

## I. INTRODUCTION AND FACTUAL BACKGROUND

The instant miscellaneous action was commenced by Petitioners in the U.S. District Court for the Western District of North Carolina (Case No. 3:25-mc-169-MOC-DCK) (the "WDNC Case") and has been transferred to this Court. *See* DE 7; DE 8; DE 9. Petitioners now seek a clerk's default as to a Motion to Compel (DE 1)

that they never served upon Lapetus—via a Motion for Clerk's Entry of Default (DE 6) that they also never served on Lapetus.

Counsel for Lapetus entered an appearance in this matter on January 26, 2026, and Lapetus timely filed its Response in Opposition to Petitioner's Motion to Compel on that date. *See* DE 15; DE 16. To the extent a response to the Motion for Clerk's Default is even required, Lapetus' Response is filed within fourteen (14) days after Lapetus' appearance in this case and is timely under this Court's Local Rules. *See* L.R. 3.01(d).

## II. ARGUMENT

### A. Petitioner's Request for a Clerk's Default on a Motion is Procedurally Improper.

A clerk's default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend… ." *See* Fed. R. Civ. P. 55(a). The rule is directed to a party's failure to ***plead*** or otherwise defend in response to another party's effort to obtain a judgment for affirmative relief. A plaintiff seeks a judgment for affirmative relief by filing a complaint—which is a ***pleading***. *See* Fed. R. Civ. P. 7(a); *see also* L.R. 1.10(a) (predicate for obtaining a default is service of a ***summons and complaint*** and timely filing of a proof of service) (emphasis added); *see also Aname v. Florida*, 3:05-cv-178-J-20MMH,2006 U.S. Dist. LEXIS 115922, at * (M.D. Fla. Mar. 1994) ("[t]he Rules provide for the entry of a clerk's default if a properly served defendant fails to timely respond to a complaint seeking affirmative relief.").

"A motion, put simply, is not a pleading." *In re Wild*, 944 F.3d 1244, 1257 (11th Cir. 2021); *see also* Fed. R. Civ. P. 7. The remedy for a failure to party's failure to respond to a ***motion*** is to request that the Court treat the motion as unopposed and grant the relief requested in the motion. *See* L.R. 3.01(d); *see also United States v. Fla. Oncology Network, P.A.*, No. 8:15-mc-60-T-17MAP, 2015 U.S. Dist. LEXIS 197041, at *1-2 (M.D. Fla. July 6, 2015) (failure to respond to administrative subpoena addressed under local rule applicable to a failure to respond rather than by clerk default).

There is no basis or procedure under the Federal Rules by which a party can obtain a clerk's default in the face of an unanswered motion. The Petition's Motion for Clerk's Default should be summarily denied as moot because it seeks relief that is unavailable under applicable law.

**B. The Motion For Clerk's Default Is Otherwise Improper And Should Be Denied.**

In the event that the Court deems the Motion for Clerk's Default proper as to an alleged failure to respond to a motion, it nonetheless fails on several other grounds.

***First,*** Petitioners never served the Motion to Compel—for which they seek a clerk's default—in accordance with applicable law. The Motion to Compel was a written motion that was required to be served on Lapetus. *See* Fed. R. Civ. P. 5(1)(C). Petitioners could have served the Motion to Compel either via process server or by simply placing it in the U.S. Mail. *See* Fed. R. Civ. P. 5(2)(A), (2)(B), (2)(C). They did neither. Petitioners could also have served Motion to Compel by sending it via

CM/ECF to a registered user. *See* Fed. R. Civ. P. 5(2)(E). However, the Petitioners did not do that.

Petitioners could have alternatively effected service by sending the Motion to Compel by other electronic means, or any other means, that the other party consented to in writing. *See* Fed. R. Civ. P. 5(2)(E), (2)(F). However, no such consent was requested or provided. A stray email to counsel, who did not consent to receiving service via email apart from CM/ECF, does not constitute service under the Federal Rules. *See Pinto v. Rambosk*, No. 2:19-cv-551-JLB-NPM, 2022 U.S. Dist. Lexis 187525, at *6 (M.D. Fla. Oct. 13, 2022). Because service of the Motion to Compel was never properly effected in the first, a clerk's default for the alleged failure to is improper.

***Second***, just as with the Motion to Compel, Petitioners never properly served their Motion for Clerk's Default under any of the methods permitted under Fed. R. Civ. P. 5. Petitioners further neglected to even make a flawed attempt at service by emailing a copy to counsel for Lapetus. Tellingly, there is no certificate of service for the Motion for Clerk's Default contained in the motion or otherwise reflected on the Court's docket, which was required because it was not served electronically through the Court's CM/ECF system. *See* Fed. R. Civ. P. 5(D)(1)(B).

***Third***, Petitioners failed to meet and confer with counsel for Lapetus concerning the Motion for Clerk's Default, as is required under the Local Rules. *See* L.R. 3.01(g). A simple conferral would have easily resolved this matter and alerted Petitioners to their failure to properly serve the Motion to Compel in the first place.

***Finally***, Lapetus timely filed its response in opposition to the Motion to Compel. *See* DE 16. As such, the Motion for Clerk's Default is moot.

WHEREFORE, Lapetus requests that this Honorable Court deny the Petitioner's Motion for Clerk's Default and enter any other such relief as it may deem just and proper.

Respectfully Submitted,

*/s/ Paul N. Mascia*
Paul N. Mascia, Esq.
Florida Bar No: 0489670
**NARDELLA & NARDELLA, PLLC**
135 W. Central Blvd., Suite 300
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
pmascia@nardlellalaw.com
rsanchez@nardellalaw.com

*Counsel for Lapetus Solutions, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 6, 2026, a copy of the foregoing was electronically filed via CM/ECF, which will complete service on all counsel of record identified below.

/s/ Paul N. Mascia
Paul N. Mascia

Alfred J. Bennington, Jr.
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
bbenington@shutts.com
lschwallie@shutts.com
jflores@shutts.com

Glennys Ortega Rubin
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
grubin@shutts.com
dreyes@shutts.com

Benjamin F. Elliott
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
belliott@shutts.com
dreyes@shutts.com