UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COVENTRY FIRST, LLC, a
Limited liability company; ALAN
BUERGER, an individual,

Petitioners, CASE NO.: 6:26-mc-00004-RBD-RMN

v.

LAPETUS SOLUTIONS, INC.,

Respondent.
_______________________________________________/

**LAPETUS'S UNOPPOSED TIME-SENSITIVE MOTION TO CONTINUE DISCOVERY HEARING SCHEDULED FOR FEBRUARY 24, 2026, AND INCORPORATED MEMORANDUM OF LAW**

Respondent, Lapetus Solutions, Inc., ("Lapetus"), respectfully move, pursuant to Local Rule 3.08(a), to continue the hearing set for February 24, 2026 (the "Hearing") [DE 22] on the *Motion to Compel Documents Responsive to Subpoena to Third Party Lapetus Solutions, Inc.* [DE 1] (the "Discovery Motion"), filed by Coventry First, LLC ("Coventry") and Alan Buerger ("Buerger" and together with Coventry referred to as "Petitioners") to April 10, 2026 or later, for good cause shown.

Lapetus files this Motion as **time-sensitive** because the subject hearing is set for next Tuesday, February 24, 2026. *See* DE 22. Therefore, Lapetus seek an order from the Court by **February 23, 2026**, so that if this Motion is not granted, appropriate hearing preparations can be made prior to Tuesday, February 24, 2026.

In support, Lapetus states as follows:

## Factual Background

The Court entered its Order setting the Hearing on February 9, 2026 (the Hearing Notice"), at which time Petitioners and Respondent were in the process of coordinating their continued conferral on the Discovery Motion in an effort to resolve as many issues as possible and potentially avoid the Hearing. On the same day, counsel for Lapetus advised counsel for the Petitioners of his unavailability for the Hearing on February 24, 2026, due to a previously scheduled multi-party mediation set in another matter in a federal bankruptcy adversary proceeding in the Middle District of Florida.

Additionally, following the Court's entry of the Hearing Notice Lapetus and Petitioners have in good faith conducted multiple phone conferences and exchanged various correspondence that have resulted in the resolution of most, if not all, of the issues that would be addressed at the Hearing. While the Court has not entered a Standing Order On Discovery in this case, Lapetus is mindful of the Court's *Standing Order On Discovery* entered in the main case to which this case relates, *Abacus Global Management, Inc. v. Coventry First, LLC et al.*, Case No. 6:25-cv-1401 (the "Main Case") [Main Case DE 63] (the "Main Case Standing Discovery Order"). The Parties intend timely file a joint notice two calendar days before the hearing in conformity Main Case Standing Discovery Order to indicate which, if any issues, have not been resolved.

Accordingly, both due to the unavailability of Lapetus's counsel on February 24, 2026, and for the sake of preserving party and judicial resources, Lapetus brings this Motion to continue the Hearing, which will further allow the Parties time to

finalize their conferral efforts.

## Memorandum of Law

Lapetus sets forth good cause for the requested continuance. In determining whether to grant a continuance, courts should consider: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance could be remedied if the continuance is granted; (3) the extent to which granting the continuance inconveniences the court and the opposing party; (4) the extent to which the moving party might suffer harm as a result of the district court's denial. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005).

### A. The Parties Have Acted Diligently.

Lapetus has not delayed in seeking to comply with the February 24, 2026 Hearing date. Counsel for Lapetus notified counsel for the Petitioners on the same date of his scheduling conflict and sought consent to a motion to continue the Hearing. Counsel for Petitioners requested that Lapetus confer on the substantive issues raised in the Discovery Motion and underlying objections in order to evaluate their consent. Lapetus thereafter diligently pursued discussions to resolve the matter.

Even before the Court set the Hearing, Lapetus was initiating preparations for Hearing and the requisite conferrals. During such conferrals, the latest of which occurred today, the potential for resolution of some, if not all, of the discovery issues set forth in the Discovery Motion became apparent. Rather than merely filing a notice explaining that conferrals on the discovery issues were still ongoing, Lapetus brings

this Motion to ensure the Court is aware of the potential for mooting the issues set forth in the Discovery Motion and how in addition to facilitating the ability of counsel for Lapetus to attend any hearing, the additional time may result in the resolution of the subject discovery dispute. Lapetus has acted diligently throughout this conferral process and in preparation for the Hearing.

### B. A Continuance Will Remedy the Need for Additional Time as Set Forth in this Motion.

The continuance requested herein is necessary due to the prior commitment of counsel for Lapetus to attend a multi-party mediation in a complex bankruptcy adversary proceeding at the same time on February 24, 2026. Further, the continuance may potentially fully resolve the conflicts set forth in the Discovery Motion, mooting the need for the Hearing altogether. Parties have agreed that Lapetus should request that this hearing be continued until April 10, 2026, or later, which will be sufficient time for the agreed production to be initiated by Lapetus and ensure each side fully appreciates the argument and counterarguments set forth by the other regarding the outstanding discovery issues.

Given that despite all diligence, counsel for Lapetus cannot attend the Hearing on February 24, 2026, and the forthcoming document production resulting from Lapetus' good faith conferrals cannot be made and reviewed by Tuesday, February 24, 2026, no remedy short of rescheduling this Hearing will remedy the need for additional time. Without such continuance, Lapetus would be forced to appear at a Hearing without appropriate counsel for Lapetus and without the Parties having the

opportunity, optimally, to conduct the document review and complete requisite internal discussions, which will undoubtedly prejudice each side when making its arguments to this Court.

### C. Neither Parties nor the Court Will Be Unduly Inconvenienced by a Continuance.

A continuance will not inconvenience or prejudice either of the Parties or the Court. A later hearing date will not impede any existing deadlines in this case or in the Main Case. Moreover, the Petitioners do oppose the relief requested herein.

### D. Lapetus Will Suffer Harm if a Continuance Is Not Granted.

Lapetus will be harmed if the Hearing is held without its primary counsel in attendance and the Parties will be harmed if the requested continuance is not granted because they will have to expend additional resources to present their respective positions in a Hearing when most, if not all, discovery issues may be resolved beforehand. Without additional time, the Parties will be unable to have all the preferred information to present their arguments and counterarguments to these positions, which will ultimately result in prejudice at the hearing.

WHEREFORE, for the reasons set forth above, Lapetus requests that the Court enter an order: (1) granting this Time-Sensitive Motion by February 23, 2026; (2) granting a continuance of the February 24, 2026 hearing until April 10, 2026, or later; and (3) grant such other and further relief as the Court deems necessary and appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Lapetus has conferred with Petitioner's counsel concerning this Motion who confirmed that the Petitioners do not oppose the requested relief.

Dated: February 19, 2026.

Respectfully Submitted,

/s/ Paul N. Mascia
PAUL N. MASCIA, ESQ.
Florida Bar No. 0489670
Email: pmascia@nardellalaw.com
Secondary email:
rsanchez@nardellalaw.com
**NARDELLA & NARDELLA PLLC**
135 W. Central Blvd., Ste. 300
Orlando, Florida 32801
Telephone: (407) 966-2680

*Attorneys for Respondent*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 19, 2026, a copy of the foregoing was electronically filed via CM/ECF, which will complete service on all counsel of record identified below.

/s/ Paul N. Mascia
Paul N. Mascia

Michael H. McGinley
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Michael.mcginley@dechert.com

Alfred J. Bennington, Jr.
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
bbenington@shutts.com
lschwallie@shutts.com
jflores@shutts.com

Glennys Ortega Rubin
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
grubin@shutts.com
dreyes@shutts.com

Benjamin F. Elliott
Shutts & Bowen LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
belliott@shutts.com
dreyes@shutts.com